**D. R. WAGGONER CONSTRUCTION COMPANY et al., Appellants,**

v.

**INTERNATIONAL HARVESTER CREDIT CORPORATION, Appellee.**

No. 16947.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 1, 1977.

Rehearing Denied Jan. 5, 1978.

Steven E. Halpin (on appeal only) Houston, for appellants.

Vinson & Elkins, B. Jeff Crane, Jr., Michael E. Alexander, Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from a summary judgment for the plaintiff in a cause of action based on a contract. We affirm.

International Harvester Credit Corporation is the assignee of a contract entered into between Stafford International, Inc., and D. R. Waggoner, doing business as Waggoner Construction Company, whereby Waggoner leased from Stafford International, Inc. a crawler tractor with an option to purchase. Waggoner made the payments due under the contract until the crawler tractor was stolen.

The contract provided for 36 monthly rental payments in the amount of $679.77 each and provided for the acceleration of payments in the event of default. Paragraph 7 of the contract provides:

"Lessee, at its own expense, will provide during the term of this lease, before any equipment covered by this lease is used, such insurance of the type and in an amount satisfactory to Lessor as is necessary to insure Lessor for and against any liability or loss for injury or death to any person or persons or for damage to any property resulting from or arising out of the use, possession, or operation by Lessee of any equipment hereby leased. Lessee will keep the equipment insured at its full insurable value against loss or damage to it resulting from collision, fire, or other casualty. Lessee shall deliver to Lessor policies or certificates of insurance naming Lessor as an insured and an agreement by the insuring company not to cancel such insurance without at least ten day notice of Lessor."

Paragraph 11 of the contract provides: "If, any equipment hereby leased is destroyed, lost, or stolen, Lessee shall not be relieved of its obligation to pay the full rental herein provided for the full term of this lease. Any sum paid to Lessor from insurance on such equipment shall be applied to the payment of the accrued and thereafter accruing rental hereunder . . . .."

In its answer the defendant alleged that at no time prior to entering into the contract were the contents of paragraph number 7 explained to him, and that had he been advised any time prior to signing of the contract that it would be necessary for him to carry insurance under the lease agreement, he would not have entered into the agreement.

It appears from the summary judgment evidence that for some weeks prior to the signing of the lease agreement the crawler tractor was in the possession of Waggoner under an oral rental agreement. During this period of time the insurance on the equipment was provided by the dealer. In opposition to the motion for summary judgment, Waggoner filed an affidavit in which he stated that prior to the signing of the lease agreement no mention had been made of insurance and that it was his understanding that insurance was "part of the deal". He stated that six weeks after the contract was signed he was "contacted by someone from Stafford International, Inc. and was asked where the insurance contract was on the equipment". He stated that on being advised that he had to obtain insurance he applied for insurance, but that a policy was never issued prior to the time the tractor was stolen.

In addition to the affidavits attached to the motion for summary judgment and the

answer to the motion for summary judgment, the record before us includes depositions and answers to a request for admissions.

In his answer Waggoner sets up as an affirmative defense failure of consideration. To support this defense he asserts that oral agreements made prior to the contract in question relating to the insurance were not incorporated in the contract, and that these promises were relied upon by him when executing the contract. Waggoner does not plead that fraudulent statements induced him to enter into the contract or that by reason of accident, fraud, or mutual mistake the agreements of the parties were not reflected by the terms of the contract.

 The summary judgment evidence establishes that Waggoner entered into the contract with Stafford International, Inc., and that it was duly assigned by Stafford to International Harvester. The evidence also establishes default under the contract and the sum of money owed by Waggoner under the terms of the contract. Unless, therefore, the summary judgment evidence raises a disputed fact question on the issue of failure of consideration, the trial court properly granted the motion for summary judgment. *Gulf, Colorado and Santa Fe Ry. Co. v. McBride,* 159 Tex. 442, 322 S.W.2d 492 (1958).

The parol evidence rule is not a rule of evidence, but is a rule of substantive law. When parties have concluded a valid integrated agreement with respect to a particular subject matter, the rule precludes the enforcement of inconsistent prior or contemporaneous agreements. *Hubacek v. Ennis State Bank,* 159 Tex. 166, 317 S.W.2d 30 (1958).

Since the question of who was required to purchase casualty insurance for the crawler tractor was clearly answered by the terms of the written agreement, testimony that the lessor had previously agreed to furnish such insurance should not have been admitted to contradict the clear terms of the written agreement and if admitted into evidence, the prior agreement could not be enforced.

Moreover, there is no evidence that the lessor expressly agreed in writing or orally to furnish insurance on the equipment after the written lease agreement was signed. There is no evidence that prior to the signing of the written lease agreement the lessor orally represented that lessee would not be required to furnish insurance. No issue of fact has been raised by the evidence to support the defense of failure of consideration for the written lease agreement.

The judgment is affirmed.